UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| TROY REESE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 4:07-cr-19 |
| | ) | 4:10-cv-47 |
| | ) | (MATTICE/LEE) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Troy Reese ("petitioner"). For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**.

Petitioner pleaded guilty to possession with intent to distribute five grams or more of cocaine base and possession of a weapon in furtherance of a drug trafficking offense. By judgment entered July 22, 2008, he was sentenced to a total effective sentence of 190 months. He did not appeal his conviction or sentence.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment

of conviction becomes final. 28 U.S.C. § 2255(f). In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."). Accordingly, petitioner had until August 5, 2009, within which to file his § 2255 motion.[1]

Under the "prison mail room filing" rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. *See Towns v. United States*, 190 F.3d 468 (6th Cir. 1999) (prison mail box rule of *Houston v. Lack* applies to § 2255 motions). Although the § 2255 motion bears a purported signature date of July 10, 2009, the envelope indicates that it was mailed on June 28, 2010. The court received the § 2255 motion on June 30, 2010. Because the § 2255 motion was not timely filed, petitioner was given the opportunity to show cause why his § 2255 motion should not be barred by the one-year statute of limitation. *See Day v. McDonough*, 547 U.S. 198 (2006) (a district court may sua sponte dismiss a petition as time-barred after giving the petitioner fair notice and an opportunity to be heard).

---

[1] Effective December 1, 2009, a defendant's notice of appeal must be filed within 14 days after entry of the judgment of conviction. Fed. R. Crim. App. 4(b)(1).

Petitioner responded to the show cause order and claims that the statute of limitation should be equitably tolled. The government was then ordered to address petitioner's claim that he is entitled to equitable tolling of the statute of limitation; it did so and objects to equitable tolling of the statute of limitation in this case.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562).

Petitioner alleges he is entitled to equitable tolling based upon the following: Petitioner states that on July 10, 2009, he placed a § 2255 motion addressed to this court in his prison mailbox. Petitioner's affidavit in support of his § 2255 motion contains a certificate of mailing, in which petitioner states that he deposited the document in the prison mailbox on July 10, 2009. [Doc. 36, Motion to Vacate Sentence, Attachment 2, Affidavit of Troy Reese, p. 3]. When he did not receive word on his § 2255 motion, he send a letter to the clerk of this court inquiring into the status of his § 2255 motion, which he claimed was

3

mailed to the court on July 10, 2009. The court received that letter on June 10, 2010. [Doc. 35, Letter].

The clerk sent petitioner a copy of the docket sheet, which did not show that the § 2255 motion had been docketed. Petitioner then sent the court a copy of the § 2255 motion. Petitioner thus argues that because his § 2255 motion was placed in the care of prison authorities on July 10, 2009, the motion should be deemed timely filed. He relies on his certificate of mailing as proof that he mailed the § 2255 on July 10, 2009.

In response, the government argued that petitioner has proffered no evidence, other than his own self-serving statements, to corroborate his claim that he placed his § 2255 motion in the prison mail system on July 10, 2009. The government suggested, for example, that petitioner could provide the court with a copy of the prison mail log to show when he mailed his § 2255 motion. The court concluded, however, that the government is in the best position to provide the court with a copy of the relevant prison mail log. For that reason, the court ordered the government to answer the § 2255 motion on the merits unless the government could provide credible evidence that petitioner did not deliver his original § 2255 motion to the prison mail room prior to August 5, 2009.

In response to the court's order, the government has submitted the affidavit of Niambi Williams, who testifies as follows:

> 1. Your affiant is employed by the United States Federal Bureau of Prisons at the United States Penitentiary in Atlanta, Georgia (U.S.P. Atlanta), as the Case Management Coordinator.

4

> 2. Inmate Troy Reese, Federal Register No. 41863-074, is currently incarcerated at U.S. P. Atlanta, and he has been here since August 18, 2008.
>
> 3. Your affiant searched the outgoing prison mail logs for the period of July 10, 2009, to August 5, 2009, and found no mailing from inmate Reese.

[Doc. 52, Response Regarding Prison Mail Logs, Attachment 1, Affidavit of Niambi Williams, p. 1].

The government has submitted credible evidence that petitioner did not deliver his original § 2255 motion to the prison mail room prior to August 5, 2009. It is worth noting that petitioner sent the court a motion, post-marked July 2, 2009, requesting an extension of time. [Doc. 33, Motion]. Presumably, it was a request for an extension of time within which to file a § 2255 since the filing deadline of August 5, 2009, was less than five weeks away. If plaintiff was prepared to file his § 2255 motion on or about July 10, 2009, however, it is difficult to see why he would have moved for an extension of time one week earlier. As noted, the court received a letter from petitioner on June 10, 2010, in which he inquired about the status of his § 2255 motion, which he claimed was mailed to the court on July 10, 2009. It would appear that letter was an attempt by petitioner to avoid the operation of the one-year statute of limitation.

Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation. *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'") (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art,*

*Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**E N T E R :**

                                                 */s/Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE